*BANK OF CHILLICOTHE *v.* JOSEPH L. YOE, ADMINISTRATOR [125. OF JESSE McKAY.

Equity can not interfere to aid a bank against a deceased indorser, when there is judgment against the principal and another indorser, although the principal be insolvent, unless it be shown that nothing can be made at law, from the existing judgment, against the indorser.

*THIS case was adjourned here for decision from the county of Ross. It was a bill in chancery, and the case made was as follows : On May 19, 1819, Daniel Vanmetre made his promissory note to Jesse McKay, payable at the Bank of Chillicothe, by whom and John Creed it was indorsed, and discounted at the bank. In consequence of non-payment it was duly protested, and suit brought, under the statute, against the maker and indorsers jointly. Process was served on Vanmetre and Creed, and returned not served as to McKay. Judgment was rendered againt Vanmetre and Creed, and Vanmetre was deceased and insolvent. McKay was also deceased, no judgment having been rendered against him in his lifetime, and the defendant was his administrator. The object of the bill was to set up the claim, in behalf of the bank, against the administrator of McKay. It alleged the insolvency of the principal debtor, Vanmetre, but was silent as to the responsibility of Creed, the other indorser, against whom judgment at law had been obtained.

The defendant demurred.

EWING, for complainant.

KING, for defendant.

By the COURT:

The question to be decided is, whether, upon a joint and several contract, made by the statute joint as to the suit and judgment, the complainants can go into equity before they have made use of their legal remedies. Section 9 of the act to regulate judicial proceedings, where banks and bankers are parties, authorizes a joint action against the drawers and indorsers, and declares that if the bank shall institute a separate action against drawer and indorser, no costs shall be recovered. The complainants claim they have lost their legal remedy, by the death of McKay, under the 126]　*provision of the statute. From anything that appears in the bill, the legal remedy is still perfect as against Creed, the survivor, whose insolvency is not even suggested, and against whom process of execution has not been taken. The most favorable aspect of the bill places the complainants' equity upon the restoration upon a naked legal right, lost by the act of God, under our statutory regulations concerning banks. A court of chancery

would probably be open to the complainants, when they shall have exhausted their legal remedies, if a balance still remains due upon the judgment. But the complainants show no present necessity for a decree against the representatives of McKay, nor have they even alleged that such decree would facilitate the collection of their judgment. They came into this court, having, from their own showing, a perfect legal remedy against the survivor, which they have neglected to enforce, without furnishing any excuse whatever for their negligence. They are here as volunteers for one of the indorsers, without showing why the estate of the other should be liable for the payment of their judgment. In this bill the court can not settle the equitable rights of the indorsers, especially as only one of them is made a party. Those who are interested should be left to their own litigation without the interference of strangers. Bill dismissed with costs.